UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Bart H. Rippl,** | ) | CASE NO.  1:16MC29 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| **Internal Revenue Service, et al.,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondents. | ) | |
| | ) | |

Pending before the Court is Bart H. Rippl's petition to quash a third party summons issued by the Internal Revenue Service.  For the reasons that follow, the petition is DISMISSED.

In his petition, Rippl seeks to quash a collection summons issued to James Oswald.  Rippl claims that the summons was not issued for a legitimate purpose and instead is improperly being used to further a criminal investigation.  Rippl raised the same argument in 1:16MC18 with respect to another collection summons issued by the IRS.  The Court dismissed that matter noting as follows.

A colleague on this Court has previously discussed the authority of a district court to pass on such an argument:

> 26 U.S.C. § 7609 contains special provisions regarding IRS summonses issued to third-party record keepers (like TRW). § 7609(b)(2)(A) provides that "any person who is entitled to notice of a summons [to a third-party record keeper] under [§ 7609(a) ] shall have the right to begin a proceeding to quash such summons." Thus, the question whether plaintiff had the right to move to quash the IRS summons depends upon whether the plaintiff was entitled to notice of the summons under § 7609(a).
>
> Generally, § 7609(a) requires the IRS to provide notice to the person whose records have been summoned. However, no notice need be provided if the summons is issued to aid the collection of a tax liability which was previously assessed or adjudged. § 7609(c)(2)(B)(ii). Since the IRS need not provide notice of a summons

1

issued in aid of collection, no person has a right to move to quash such a summons. "Essentially, a District Court lacks jurisdiction to entertain a petition to quash a collection summons." *Church of Human Potential, Inc. v. Vorsky*, 636 F.Supp. 93, 94 (D.N.J.1986).

*Bancsi v. Pennington*, 812 F. Supp. 759, 760 (N.D. Ohio 1992). This Court agrees with the reasoning set forth in *Bancsi*. As this was a collections summons, Rippl was not entitled to notice of its issuance. As a result, this Court lacks jurisdiction to entertain his petition to quash the summons. The petition is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: June 27, 2016                    /**s**/ *John R. Adams*
                                        **JOHN R. ADAMS**
                                        **UNITED STATES DISTRICT JUDGE**